# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 27, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| KRISTEN HOLMES, | * | No. 17-1306V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Robert Krakow,* Law Office of Robert J. Krakow, New York, NY, for Petitioner.
*Dorian Hurley,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 10, 2024, Kristen Holmes ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$145,902.98** for her counsel, Mr. Robert Krakow. Mot. Int. Attorneys' Fees & Costs at 36, ECF No. 119 [hereinafter "Fees App."].[2] This amount consists of $130,076.60 in fees and $15,826.38 in costs. *Id*. On January 24, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 120. In his response, Respondent stated that he "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award[.]" *Id.* at 2. Further, Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner filed a reply on January 24, 2024. Pet'r's Reply, ECF No. 121. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All citations to Petitioner's motion for interim attorneys' fees and costs, ECF No. 119, will use the page numbers generated by CM/ECF.

I.     **Procedural History**

On September 22, 2017, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").³ 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that she suffered from "cramp-fasciculation syndrome and other vaccine-caused conditions and symptoms, including, without limitation to other symptoms not mentioned, tremor, pain in her scalp and other areas, and persistent fatigue" as a result of a diphtheria-tetanus-pertussis ("Tdap") vaccine administered on September 24, 2014. *Id.* at 1. Petitioner filed medical records, medical literature, and a declaration on September 25, 2017 and September 27, 2017. Pet'r's Exs. 1–28, ECF Nos. 5–7, 10–13. Petitioner filed additional medical records on November 6, 2017, December 12, 2017, and December 18, 2017, followed by a statement of completion. Pet'r's Exs. 29–31, ECF Nos. 14, 17–19. On July 9, 2018, Respondent filed his Rule 4(c) report indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 26.

After multiple motions for extensions of time, Petitioner was ordered to file an affidavit from her treating neurologist, Dr. Philip Blum. Pet'r's Exs. 33–35, ECF No. 38. Petitioner filed a declaration from Dr. Blum on September 16, 2019 and an expert report, with applicable medical literature, by Dr. Arthur Brawer on September 27 and 28, 2019. Pet'r's Exs. 40–59, ECF Nos. 41–44. In response, Respondent requested additional medical records. ECF No. 46. Petitioner filed additional medical records on March 8, 2020 and May 17, 2020. Pet'r's Exs. 60–61, ECF Nos. 49, 53. Petitioner sought repeated extensions from May 2020 until May 2021 for outstanding medical records. ECF Nos. 55–65. I held a status conference on June 25, 2021 and ordered Petitioner to file the outstanding medical records, a statement of completion, an affidavit and an expert report. ECF No. 66; Min. Entry, June 24, 2021.

Petitioner filed medical records on September 9, 11, 15, 17, and 23, 2021, October 11, 2021, December 10, 15, and 16, 2021, followed by a statement of completion on December 17, 2021. Pet'r's Exs. 64–67, 81–86, ECF Nos. 68, 70, 73, 75, 79, 81, 83, 85, 87, 89, 93. Petitioner also filed an expert report by Dr. Brawer, with medical literature, on September 18, 2021 and a declaration on December 17, 2021. Pet'r's Exs. 68–80, ECF No. 77; Pet'r's Ex. 87, ECF No. 91.

Respondent filed expert reports with medical literature by Dr. Alan Ducatman, Dr. You-Wen He, and Dr. Brian Callaghan on June 16, 2022. Resp't's Exs. A–F, ECF Nos. 96–101. Petitioner filed a responsive expert report by Dr. Brawer on August 24, 2022. Pet'r's Exs. 88–90, ECF No. 104. On December 6, 2022, Petitioner filed a motion for a ruling on the record, which requested that the Court hold an entitlement hearing. Pet'r's Exs. 92–97, ECF No. 109. Respondent filed a response on January 23, 2023, which deferred the decision to hold an entitlement hearing to me. ECF No. 112. Petitioner filed a reply on February 28, 2023. ECF No. 117. After a review of the materials in the motion for a ruling on the record, I informed the parties that this matter would be better served by a hearing due to the complex nature of the issues. Inform. Comm., docketed on Oct. 4, 2024. On October 4, 2023, a hearing order was issued setting an entitlement hearing for September 11–12, 2024. ECF No. 118.

---

³ National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 10, 2024, Petitioner filed a motion for interim attorney's fees and cost. ECF No. 119. Respondent filed a response on January 24, 2024. ECF No. 120. That same day, Petitioner filed a reply. ECF No. 121. A prehearing order was issued on May 15, 2024. ECF No. 122. Respondent filed highlighted medical literature on August 5, 2024. ECF No. 123. Petitioner filed her highlighted medical literature on August 7, 2024. ECF Nos. 126–127. Petitioner also filed updated medical records on August 16, 2024. Pet'r's Exs. 99–100, ECF Nos. 129, 131.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.     Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B.     Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("It may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost six years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $145,902.98 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar serves by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, and 2024 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel, Mr. Krakow: $435 per hour of work performed in 2017, $450 per hour of work performed in 2018, $464 per hour of work performed in 2019, $484 per hour of work performed in 2020, $509 per hour of work performed in 2021, $525 per hour of work performed in 2022, and $553 per hour of work performed in 2023. Fees App. at 21. Petitioner also requests the following hourly rates for the work of her counsel, Mr. Elan Gerstmann: $497 per hour of work performed in 2022 and $520 per hour of work performed in 2023. *Id.*

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Additionally, Petitioner requests the following rates for the work of her counsel's paralegals: $140 per hour of work performed in 2017, $150 per hour of work performed in 2018, $156 per hour of work performed in 2019, $163 per hour of work performed in 2020, $172 per hour of work performed in 2021, $177 per hour of work performed in 2022, and $186 per hour of work performed in 2023. *Id.*

I have reviewed the billing records submitted with Petitioner's request, and I find that the hourly rates billed for 2017 through 2023 for attorney and paralegal time are all reasonable and in accord with prior awards made by other special masters.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). Upon review of the submitted billing records, I find that the time billed largely reasonable. *See* Pet'r's Ex. 98-2, ECF No. 119. The invoice entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,826.38 in costs, primarily comprised of medical records costs, administrative filing fees, and expert fees. Pet'r's Ex. 98-3, ECF No. 119. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable for the work performed in this case. Therefore, Petitioner is awarded the full amount of costs sought.

## IV. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $130,076.60 |
|---|---|
| (Reduction to Fees) | -($0.00) |
| **Total Attorneys' Fees Awarded** | |
| | |
| Attorneys' Costs Requested | $15,826.38 |
| (Reduction of Costs) | - ($0.00) |
| **Total Attorneys' Costs Awarded** | |
| | |
| **Total Attorneys' Fees and Costs** | **$145,902.98** |

Accordingly, the undersigned awards a lump sum in the amount of **$145,902.98** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Robert Krakow, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.